

**Jacob Inwald**
212-398-5215
jinwald@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

March 19, 2008

Honorable Eric N. Vitaliano
United States District Judge, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201
944 Federal Plaza

Re:   *McGee v. Allstate Insurance Company, et al.* (1: 08-CV-842)

Dear Judge Vitaliano:

    We represent defendant Allstate Insurance Company ("Allstate") in the above-referenced matter. We write to advise the Court of a related case previously filed and now pending in the Eastern District of New York before the Honorable Frederic Block, McGee v. State Farm Mut. Auto. Ins. Co., et al. (08-CV-392). Allstate respectfully submits that the instant case should be reassigned to Judge Block.

    Pursuant to Rule 50.3(e) of the Guidelines for the Division of Business for the Eastern District of New York ("Guidelines"), "[r]elated cases shall be assigned by the judge to whom was assigned the case with the lowest docket number in the series of cases." A case is "related" to another "when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Guidelines Rule 50.3(a). The party filing a case is required to indicate on the civil cover sheet whether the case is related to a prior case, and the attorneys in a case have "an ongoing duty to advise the clerk in writing upon learning of any facts indicating that his or her case may be related to any other pending case." Guidelines Rule 50.3(d).[1]

    Here, although not identified as such on the civil cover sheet, there is no question that the above-referenced case assigned to this Court, McGee v. Allstate, and the prior case pending before Judge Block, McGee v. State Farm, are "related" for purposes of the Guidelines. Initially, the plaintiff, John McGee, M.D., is the same in both cases, and in both cases he is represented by the same counsel. Moreover, the allegations and legal issues in both cases are substantively identical. In both cases plaintiff alleges he is a "doctor duly licensed in the state of New York who provides medical treatment to named insureds under [Allstate/State Farm automobile insurance policies]." (McGee v. Allstate Complaint, ¶ 1; McGee v. State Farm Complaint, ¶ 1.) In both cases, plaintiff alleges he was "was an assignee of the aforementioned insureds' policy benefits." (Id.) In both cases plaintiff alleges that Allstate/State Farm has conspired with the other defendants

---

[1] By copy of this letter, we are so advising the Clerk.



Honorable Eric N. Vitaliano
March 19, 2008
Page 2


(organizations and/or medical providers who perform independent medical examinations ("IMEs") to procure fraudulent medical reports and to reduce the insurers' exposure for No Fault claims. (McGee v. Allstate Complaint, ¶¶ 48-53; McGee v. State Farm Complaint, ¶ 34-35.) In both cases, furthermore, plaintiff alleges an identical "scheme to defraud." (McGee v. Allstate Complaint, ¶ 52; McGee v. State Farm Complaint, ¶ 34.) Finally, in both cases plaintiff asserts claims for violation of Civil RICO (18 U.S.C. 1962(c)); fraud, misrepresentation and deceit; violation of the covenant of good faith and fair dealing; and breach of contract.2

Given the substantial similarity of the allegations and legal issues in both McGee v. Allstate and the prior pending McGee v. State Farm case, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge, and these cases are clearly related under Guidelines Rule 50.3(a). Because the prior-filed case pending before Judge Block, McGee v. State Farm, has the lowest docket number, Allstate respectfully requests that McGee v. Allstate be reassigned to Judge Block. See Guidelines Rule 50.3(e). I have sought the consent of counsel for plaintiff, Bruce Rosenberg, Esq., to the reassignment of this case to Judge Bock in accordance with Rule 50.3 (a), but as of this writing Mr. Rosenberg has not returned two telephone messages left for him at his office.

Respectfully submitted,

Jacob Inwald


Enclosures

cc:   Robert C. Heinemann, Clerk of Court
      United States District Court
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, New York 11201


      Bruce S. Rosenberg, Esq.
      Peter J. Creedon, Esq.
      Skip Short, Esq.
      Deborah Renner, Esq.

---

[2] For the Court's convenience, copies of the complaints in both the *McGee v. State Farm* and *McGee v. Allstate* cases are annexed hereto as Exhibits A and B respectively.